UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UPSTATE NEW YORK CARPENTERS PENSION, HEALTH
and ANNUITY FUNDS, by Earl Hall and Gary Toth, as Trustees;
EMPIRE STATE CARPENTERS APPRENTICESHIP
COMMITTEE, by John J. Fuchs and Joseph Olivieri, as Trustees;
and EMPIRE STATE REGIONAL COUNCIL OF THE UNITED
BROTHERHOOD OF CARPENTERS and JOINERS OF
AMERICA, REGION 3, CARPENTERS LOCAL NO. 747, by
Gary Toth, as Senior Council Representative,

               Plaintiffs,    5:05-CV-220
                        (FJS/DEP)

      v.

CORRON & CORRON CONSTRUCTION, INC.; and
JOSEPH R. CORRON, Individually,

               Defendants.
_____

**APPEARANCES**               **OF COUNSEL**

**BLITMAN & KING LLP**          **JENNIFER A. CLARK, ESQ.**
Franklin Center, Suite 300         **DANIEL E. KORNFELD, ESQ.**
443 North Franklin Street
Syracuse, New York 13204
Attorneys for Plaintiffs

**CORRON & CORRON**          **NO APPEARANCE**
**CONSTRUCTION, INC.**
West Chazy, New York
Defendant

**JOSEPH R. CORRON**          **NO APPEARANCE**
West Chazy, New York
Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiffs commenced this suit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.*, the Labor-Management Relations Act, 29 U.S.C. § 185(a), and the terms and conditions of a collective bargaining agreement ("CBA") and Agreements and Declarations of Trust. Specifically, Plaintiffs seek "to collect interest, liquidated damages, and attorney's fees and costs due and owing to Plaintiffs multiemployer benefit plans and a labor organization . . . ." *See* Plaintiffs' Memorandum of Law at 2. Currently before the Court is Plaintiffs' motion, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for entry of a default judgment in the amount of $18,784.64.

## II. DISCUSSION

**A.   Standard of Review**

When a court enters a default judgment, it must "accept[] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). With respect to damages, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Determining the amount of damages is a two-fold task. *See id.* First, the court must determine "the proper rule for calculating damages on [the] claim;" then, the court must assess the "plaintiff's evidence supporting the

damages to be determined under this rule." *Id.* In calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

**B.     Damages**

*1. ERISA Funds: Upstate New York Carpenters Pension, Health and Annuity Funds and Empire State Carpenters Apprenticeship Committee*[1,2]

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

When a violation of § 1145 occurs, § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
>> **(A)** the unpaid contributions,
>> **(B)** interest on the unpaid contributions,
>> **(C)** an amount equal to the greater of –
>>> **(i)** interest on the unpaid contributions, or
>>> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under

---

[1] The Empire State Carpenters Apprenticeship Committee is a training fund. *See* Affidavit of Jennifer A. Clark, dated July 21, 2005 ("Clark Aff."), at Exhibit "A" at ¶ 6.

[2] These Funds were created pursuant to the CBA and are employee benefit plans within the meaning of ERISA. *See* Clark Aff. at Exhibit "A" at ¶ 7.

>>Federal or State law) of the amount
>>determined by the court under
>>subparagraph (A),
>>**(D)** reasonable attorney's fees and costs of the action,
>>to be paid by the defendant, and
>>**(E)** such other legal or equitable relief as the court
>>deems appropriate.
>
>For purposes of this paragraph, interest on unpaid contributions shall
>be determined by using the rate provided under the plan, or, if none,
>the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

The CBA Non-Association signature page states that "all the terms and conditions in the agreement attached . . . are applicable to and are binding upon the employer whose signature is affixed hereto." *See* Clark Aff. at Exhibit "D" at 18. Defendant Joseph R. Corron's signature for Defendant Corron & Corron Construction, Inc. ("Defendant Corporation") is affixed to the non-association employer signature page. *See id.* at 1. The CBA also states that "[t]he employer shall be bound by and shall comply with the agreements, declarations of trust, plans and/or rules, policies and regulations of the applicable Funds . . . ." *See id.* at 9, Art. 17 § 3. Accordingly, the Court finds that Defendants are bound by the CBA and Agreements and Declarations of Trust as well as the Collections Policy of the Funds; and, therefore, the Court will apply the provisions of ERISA, the CBA, the Agreements and Declarations of Trust and the Collections Policy to determine the amount of damages to which Plaintiffs are entitled.

Both ERISA and Plaintiffs' Collections Policy allow for the recovery of interest and penalties for both unpaid and *late* contributions. *See Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit & Training Funds v. Modi Eng'g & Land Surveying, P.C.*, No. 96-CV-1921, 1998 WL 358511, *2 (N.D.N.Y. June 30, 1998) (citing 29 U.S.C. § 1132(g)(2)); Clark Aff. at

4

Exhibit "F" at 4.

### *a. Interest*

Under the Pension, Health and Annuity Funds' ("Funds") Collections Policy, the interest rate applicable to contributions that are paid late is twelve-percent per annum compounded daily. *See* Clark Aff. at Exhibit "F" at 3. The interest rate applicable to the delinquent contributions paid to the Training Fund is the best interest rate charged by Fleet Bank or such other bank at the date of default but not less than six-percent per annum. *See id*. at Exhibit "A" at ¶ 25. Plaintiffs submitted a chart detailing the late paid contributions and deductions of Defendant Corporation and the interest that Defendants owe to the Funds and to the Training Fund for the period from November 2003 through May 2004. *See id.* at Exhibit "H." Plaintiffs calculate that the interest that Defendants owe for late payment of contributions to the Funds from November 2003 through February 2004 is **$266.86** and from January 2004 through May 2004 is **$2,084.66**.[3] *See id.* at Exhibit "H." Plaintiffs calculate that the interest that Defendants owe to the Training Fund from November 2003 through February 2004 is **$9.03** and from January 2004 through May 2004 is **$30.52.** *See id.* Accordingly, the Court awards Plaintiffs interest on the delinquent contributions in the amount of **$2,391.07.**

---

[3] Plaintiffs calculate interest for January 2004 and February 2004 twice in their chart. *See* Clark Aff. at Exhibit "H." This is because, when Plaintiffs audited Defendants' payroll records to determine the accuracy of contributions paid, they discovered that Defendants had not been accurately reporting the number of hours that their employees worked. *See id.* at Exhibit "G." For example, for January 2004, Defendant Corporation paid, albeit late, contributions on 418 hours that its employees worked; however, the audit revealed that the actual number of hours worked was 514, a difference of 96 hours. *See id.* Therefore, Plaintiffs assessed interest on the initial late payment for the 418 hours received in April 2004 and on the late payment for the additional 96 hours received in October 2004. *See id.* at Exhibit "H."

### *b. Liquidated Damages*

Under the Funds' Collections Policy and ERISA, these Funds are entitled to the greater of the amount of interest on the unpaid contributions or twenty-percent of the unpaid contributions as liquidated damages. *See* Clark Aff. at Exhibit "F" at 3; 29 U.S.C. § 1132(g)(2)(C). The Training Fund is also entitled to the same calculation of liquidated damages. *See id.* at Exhibit "A" at ¶ 25. Plaintiffs calculate that the amount of liquidated damages that Defendants owe for the period from November 2003 through February 2004 is **$3,881.93**, and for the period from January 2004 through May 2004 to be **$7,692.70**. *See id.* at Exhibit "H." Accordingly, the Court awards Plaintiffs liquidated damages in the amount of **$11,574.63**.

### *2. Dues Deductions, I.A.P. Deductions and U.B.C. Deductions*

Plaintiffs state in their complaint that they are entitled to interest on the untimely paid dues deductions and I.A.P. and U.B.C. monies. *See* Clark Aff. at Exhibit "A" at ¶ 25. The applicable rate of interest is nine-percent per annum. *See id.* Plaintiffs calculate that the interest that Defendants owe on these untimely paid dues deductions for the period from November 2003 through February 2004 is **$26.72**, and for the period from January 2004 through May 2004 is **$207.11**. *See id.* at Exhibit "H." Accordingly, the Court awards Plaintiffs interest on the dues deductions, I.A.P. and U.B.C. monies in the amount of **$233.83**.

**C.     Costs of Collection**

Section 1132(g)(2)(D) provides that a court shall award reasonable attorney's fees and costs of the action. *See* 29 U.S.C. § 1132(g)(2)(D). The Amended Restatement and Agreement of Trust

provides that

> [t]he Trustees, in their sole discretion, may require payment by Employers . . . of . . . costs and expenses (such as, without limitation, attorney's fees, paralegals' fees, accountants' or auditors' fees, filing fees and costs of service of papers and all other costs and disbursements) incurred by the Trustees and arising out of the collection of an Employer's delinquent contributions.

*See* Clark Aff. at Exhibit "E" at p. 18 at § 5.

### *1. Attorney's Fees and Costs*

Courts calculate attorney's fees "by multiplying the number of billable hours that the prevailing party's attorneys spend on the case by 'the hourly rate normally charged for similar work by attorneys of like skill in the area.'" *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983) (quotation omitted). "The reasonable hourly rate must be 'in line with those prevailing in the community . . . .'" *N.Y.S. Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc.*, No. 5:98CV1902, 2004 WL 437474, *2 (N.D.N.Y. Feb. 27, 2004) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Courts have interpreted the term "community" to mean "the district where the court sits." *Id.* (citing *Luciano*, 109 F.3d at 115).

In addition, parties must state, with specificity, "'the date, the hours expended, and the nature of the work done'" for each attorney. *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (quoting [*N.Y.S. Ass'nfor Retarded Children, Inc.*]*,* 711 F.2d at 1148). "'[C]ontemporaneous time records are a prerequisite[;]'" however, attorneys are "'not required to record in great detail how each minute of [their] time was expended,'" but hours that are "'excessive, redundant, or otherwise unnecessary' must be excluded from the calculation. . . ." *United Parcel Serv., Inc.*, 2004 WL 437474, at *3 (internal quotations omitted).

7

Finally, an award of attorney's fees also includes reasonable out-of-pocket expenses normally charged to fee paying clients. *See id.* at \*6 (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)) (other citation omitted). Courts in this District have previously held that "costs associated with lodging, meals, transportation, photocopying, postage, long distance telephone charges, and facsimiles" are reasonable out-of-pocket expenses and thus recoverable. *See id.* (citing *O'Grady v. Mohawk Finishing Prods., Inc.*, No. 96-CV-1945, 1999 WL 30988, \*7-\*9 (N.D.N.Y. Jan. 15, 1999)). In addition, computerized legal research costs are recoverable. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 99 (2d Cir. 2004) (citations omitted).

### a. Reasonable Hourly Rate

Relying upon this Court's discussions in *United Parcel Serv., Inc.*, 2004 WL 437474, at \*2, and *Plumbers, Pipefitters & Apprentices Local Union No. 112 Pension, Health & Educ. & Apprenticeship Plans v. Mauro's Plumbing, Heating & Fire Suppression Inc.*, 84 F. Supp. 2d 344, 356-57 (N.D.N.Y. 2000),[4] Plaintiffs seek $175 per hour for Ms. Clark's and Mr. Kornfeld's legal services and $65 per hour for their paralegal's services. *See* Clark Aff. at Exhibit "I" at 5. They assert that the hourly rates they claim are reasonable given the experience and reputation of the Funds' attorneys, the time and labor required, the amount of delinquency involved and the results obtained. *See* Plaintiffs' Memorandum of Law at 10.

Jennifer A. Clark is a partner at Blitman & King LLP and was admitted to the bar in 1982.

---

[4] In those cases, the court found that the following rates were reasonable: $175 per hour for experienced attorneys, $125 per hour for attorneys with four or more years experience, $100 per hour for newly admitted attorneys, and $65 per hour for paralegals.

*See* Plaintiffs' Memorandum of Law at 6 n.1. Her background and experience include practice before administrative agencies and state and federal courts in various actions, including numerous actions under ERISA to collect delinquent contributions owed to employee benefit plans. *See id.* Daniel Kornfeld is an associate at Blitman & King LLP and was admitted to the Maryland bar in 1998, the District of Columbia bar in 1999 and the New York bar in 2004. His experience includes appearances before administrative agencies and state and federal courts in various actions, including actions concerning employee benefit plans. *See id.* In light of the years of practice and the experience of both Ms. Clark and Mr. Kornfeld, the Court finds that the requested rates are reasonable and consistent with the rates charged for similar work in this District.

### b. *Award of Attorney's Fees and Costs*

Plaintiffs request an award of attorney's fees in the amount of $2,804. To support their request, Plaintiffs provided the Court with an itemized statement of the legal services that Ms. Clark and Mr. Kornfeld performed as well as the services that their paralegal performed. *See* Clark Aff. at Exhibit "I." This itemized statement contains the names of the individuals who performed the work, the amount of time that they spent performing the work, a brief description of the work that they performed, and the date on which they performed the work. *See id.* None of the work appears to be excessive, redundant or unnecessary. Therefore, the Court awards Plaintiffs attorney's fees in the amount requested, calculated as follows:

9

| Attorney/Paralegal | Hours Worked | Rate per hour | Total |
|---|---|---|---|
| Clark | 2.15 | $175 | $376.25 |
| Kornfeld | 13.65 | $175 | $2388.75 |
| Fleury (paralegal) | .6 | $65 | $39.00 |
|  |  |  | $2,804.00 |

In addition, Plaintiffs request an award of costs and disbursements in the amount of $518.70. *See id.* These costs and disbursements include copying ($93.20), filing fees ($250.00), service of process ($169.00), and facsimile charges ($6.50). Since all of these costs are reasonable out-of-pocket expenses, the Court awards Plaintiffs costs in the amount sought

### 2. Audit Costs

Plaintiffs request an award of $1,262.41 in audit costs. *See* Clark Aff. at ¶ 21. Section four of Article 17 of the CBA states that "[i]f it has been determined that an employer is delinquent, said employer will be assessed liquidated damages, accountant fees and attorney fees." *See* Clark Aff. at Exhibit "D" at Art. 17 § 4. Furthermore, the Funds' Collections Policy states that "collection proceedings will be commenced by Funds' Counsel seeking the delinquent contributions plus the interest, liquidated damages, audit fees, attorney's and paralegal fees, costs and disbursements." *See id.* at p. 3 § 1(e). Accordingly, the Court awards Plaintiffs audit costs in the amount of **$1,262.41**.

**D.     Post-judgment Interest under 28 U.S.C. § 1961(a)**

Section 1961(a) of Title 28 of the United States Code provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a).

Courts have awarded post-judgment interest on attorney's fees and costs when the judgment includes such an award. *See Raff v. Maggio*, 746 F. Supp. 1207, 1208 (E.D.N.Y. 1990) (citations omitted). Courts have also awarded post-judgment interest on awards of contributions and deductions, interest, and liquidated damages. *See I.B.E.W. Local No. 910 Welfare, Annuity, & Pension Funds v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 277 (N.D.N.Y. 2000); *Alston v. Wall St. Garage Parking Corp.*, No. 03 Civ. 5418, 2004 WL 1194595, *2 (S.D.N.Y. May 28, 2004) (awarding post-judgment interest on all sums awarded, which included unpaid contributions, interest, statutory damages, attorney's fees and costs); *Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Training Program Fund v. Ciro Randazzo Builders, Inc.*, No. 03 Civ. 2677, 2004 WL 1152933, *4 (S.D.N.Y. May 24, 2004) (awarding post-judgment interest on all sums awarded, including unpaid contributions, interest, statutory damages, attorneys fees and costs). *But see N.Y.S. Teamsters Conference Pension & Ret. Fund v. Empire Airgas, Inc.*, No. 95-CV-1313, 1996 WL 31172, *3 (N.D.N.Y. Jan. 22, 1996) (citations omitted) (holding that post-judgment interest "is available only upon the amount of unpaid contributions . . . . No postjudgment interest is allowed on the other components of plaintiff's damages). Accordingly, consistent with the majority of courts that have addressed this issue, the Court awards Plaintiffs post-judgment interest on the entire judgment.

### III. CONCLUSION

After carefully considering the file in this matter, the Plaintiffs' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion, pursuant to Rule 55 of the Federal Rules of Civil

Procedure, for an entry of default judgment against Defendants is **GRANTED** in the amount of **$18,784.64**;[5] and the Court further

**ORDERS** that Plaintiffs are entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961 on the entire amount of the judgment; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Plaintiffs and close this case.

**IT IS SO ORDERED.**

Dated: May 18, 2006
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[5] This amount consists of (1) $2,391.07 in interest on delinquent contributions; (2) $11,574.63 in liquidated damages on delinquent contributions; (3) $233.83 in interest on the dues deductions, I.A.P. and U.B.C. monies; (4) $3,322.70 in attorney's fees and costs; and (5) $1,262.41 in audit costs.